## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

AVA LEBLANC ET AL                           CASE NO.  2:21-CV-01928

VERSUS                                      JUDGE JAMES D. CAIN, JR.

ALLIED TRUST INSURANCE CO                   MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" [Doc. 15] filed by defendant, Allied Trust Insurance Company ("Allied Trust"), who moves this Court to grant summary judgment dismissing Plaintiffs' contractual Coverage A and B claims as above and beyond the amount set forth in their expert estimate. Plaintiffs oppose this motion [Doc. 22] and Allied Trust has replied to the opposition [Doc. 30]. As such, this matter is fully briefed and ready for ruling.

Also considered before the Court is a "Motion for Oral Argument re 15 Motion for Partial Summary Judgment" [Doc. 24], by plaintiff Ava Leblanc.

## FACTUAL BACKGROUND

On August 27, 2020, Hurricane Laura caused extensive damage to Plaintiff's, Ava LeBlanc and Russel Walker, house located at 9522 Big Lake Road, Lake Charles, Louisiana 70605. At all relevant times, Plaintiffs' house was insured with Allied Trust Insurance Company under Policy 843444, which was in full force and effect during the period of July 7, 2020, through July 7, 2021. Doc. 1. Plaintiff Ava LeBlanc called Allied Trust and informed them of the damages to the property after Hurricane Laura. Doc. 22-1.

Plaintiffs began mitigating the damage to their property by hiring Precision Design to tarp the damaged roof in an effort to prevent ongoing water damage. *Id.* Plaintiffs gave Allied Trust full access to inspect their home on September 10, 2020. *Id.;* Doc. 1. On September 14, 2020, Plaintiffs sent pictures, taken by Mr. Walker, of the roof prior to the tarping to Allied Trust. Docs. 22-2; 22-12.

Ms. LeBlanc called and left a message for Allied Trust on September 18, 2020, to obtain information about Allied Trust's preferred mitigation providers. Doc. 22-2. On September 21, 2020, Ms. LeBlanc emailed the Allied Trust desk adjuster her receipts for plywood, tarps, and debris removal. Docs. 22-2; 22-3; 22-13. On September 27, Plaintiffs received an email that there was a 2-3 week delay on field adjusters' reports. Doc. 22-1.

On November 3, 2020, Allied Trust tendered the initial payment for Other Structures in the amount of $5,868.41. Allied Trust later tendered the initial payment for Dwelling damages in the amount of $14,293.68 on November 16, 2020. On January 15, 2021, tendered an additional payment for Other Structures in the amount of $1,554.11.  On March 22, 2021, Allied Trust sent a letter invoking the appraisal process. Doc. 22-4. Plaintiffs appointed Jeffrey S. Whittington as their appraiser. The appraisers for both parties inspected Plaintiff's home and were unable to agree to the amount of damages. An umpire, Matthew Addison, was then appointed upon agreement by both parties. Doc. 22.

On July 6, 2021, Plaintiffs filed their complaint. Doc. 1. Defendants then filed their Answer on September 3, 2021. Doc. 8. Both parties participated in the Streamlined Settlement Process including exchanging Initial Disclosures on October 18, 2021. A mediation took place on February 11, 2022, and was unsuccessful. Defendant has filed the

instant motion requesting that this Court enter an order dismissing Plaintiffs' claims for contractual payment under Coverages A and B above and beyond the amount asserted in their expert report. The trial of this matter is set for November 7, 2022.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

- 3 -

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court may not grant a motion for summary judgment solely on the grounds that it is unopposed and the moving party must still meet its burden as described above. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995). When the motion is unopposed, however, the court may accept the movant's evidence as undisputed. *Morgan v. Fed. Exp. Corp.*, 114 F.Supp.3d 434, 437 (S.D. Tex. 2015).

## LAW & ANALYSIS

Allied Trust recognizes that there is a dispute as to the costs of repair to Plaintiffs' property under Coverages A and B of the policy. However, Allied Trust argues that the dispute exists in an amount between the Coverage A and B appraisal award ($112,631.50 RCV) and the Coverage A and B appraisal estimate ($169.695.34 RCV) prepared by Plaintiffs' appraiser and designated expert, Jeff Whittington. Allied Trust maintains that there is no factual dispute above and beyond the amount asserted in the Whittington estimate and as such, Plaintiffs' recovery under Coverages A and B of the Policy (Dwelling and Other Structures) should be capped at the amount set forth in the Whittington estimate.

Plaintiffs disagree and argue that the language of the appraisal clause in the policy issued by Allied Trust clearly states that it is non-binding. An insurance policy is a contract between the insured and the insurer and has the effect of law between the parties. *Lobell v. Rosenberg*, 2015-0247 (La. 10/14/15; 186 So. 3d 83. Allied Trust now seeks to prevent

Plaintiffs from using any proof of additional damage that was shown after the non-binding appraisal award.

Plaintiffs argue that they have proof of additional damages that were not and/or could not be addressed in the non-binding appraisal process. On June 10, 2022, Plaintiffs responded to Requests for Interrogatories and Requests for Production that were propounded by Allied Trust. Doc. 22-6. Among other things included in Plaintiffs' production of documents was an estimate by Louisiana Structural Movers, Inc. d.b.a. DeVillier House Movers to lift and elevate Plaintiffs' home due to structural damages caused by Hurricane Laura. Doc. 22-7. Plaintiffs argue that the structural damages are something that the appraisers and umpire were unqualified to assess due to the fact that they are not engineers and this damage was not included in their estimate of damages. Plaintiffs maintain that they provided Allied Trust with notice of the additional repairs needed and Allied Trust has refused to pay the damages.

This Court has reviewed the evidence submitted by both parties and finds that the extent of damage is a question for the jury to determine. This Court has previously held that when the policy language expressly states that appraisal outcomes are not binding, confirmation should be denied. *Crador v. Allied Trust Insurance Co.*, 2022 WL 1529694 (W.D. La. 2022); *Kuykendall v. Allied Trust Insurance Co.*, Civil Action 2:21-614, Doc. 19; *Meyers v. Allied Trust Insurance Co.*, 2022 WL 2162588 (W.D. La. 2022). As such, this Court will not dismiss Plaintiffs' claims for contractual payment under Coverages A (Dwelling) and B (Other Structures) above and beyond the amount asserted in Plaintiffs' expert report.

## <u>CONCLUSION</u>

For the reasons stated above, the "Motion for Partial Summary Judgment" [Doc. 15] will be **DENIED**.

This Court further orders that the "Motion for Oral Argument re 15 Motion for Partial Summary Judgment" [Doc. 24] be **DENIED** as not necessary.

**THUS DONE AND SIGNED** in Chambers this 29th day of September, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**