UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **AVA LEBLANC ET AL** | **CASE NO.  2:21-CV-01928** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED TRUST INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" [Doc. 16], filed by defendant, Allied Trust Insurance Company ("Allied Trust"), who moves this Court to grant summary judgment dismissing Plaintiffs' claims for penalties and fees under La. R.S. 22:1893 for any Coverage A or B payments which exceed the appraisal award. Alternatively, Allied Trust moves this Court to grant summary judgment dismissing Plaintiffs' claims for penalties and fees under La. R.S. 22:1892 for any Coverage A or B payments which exceed their expert estimate. Plaintiffs oppose this motion [Doc. 23] and Allied Trust has replied to the opposition [Doc. 31]. As such, this matter is fully briefed and ready for ruling.

Also considered before the Court is a "Motion for Oral Argument re 16 Motion for Partial Summary Judgment" [Doc. 25], by plaintiff Ava Leblanc.

### FACTUAL BACKGROUND

On August 27, 2020, Hurricane Laura caused extensive damage to Plaintiff's, Ava LeBlanc and Russel Walker, house located at 9522 Big Lake Road, Lake Charles, Louisiana 70605. At all relevant times, Plaintiffs' house was insured with Allied Trust Insurance Company under Policy 843444, which was in full force and effect during the

period of July 7, 2020, through July 7, 2021. Doc. 1. Plaintiff Ava LeBlanc called Allied Trust and informed them of the damages to the property after Hurricane Laura. Doc. 22-1. Plaintiffs began mitigating the damage to their property by hiring Precision Design to tarp the damaged roof in an effort to prevent ongoing water damage. *Id.* Plaintiffs gave Allied Trust full access to inspect their home on September 10, 2020. *Id.;* Doc. 1. On September 14, 2020, Plaintiffs sent pictures, taken by Mr. Walker, of the roof prior to the tarping to Allied Trust. Docs. 22-2; 22-12.

Ms. LeBlanc called and left a message for Allied Trust on September 18, 2020, to obtain information about Allied Trust's preferred mitigation providers. Doc. 22-2. On September 21, 2020, Ms. LeBlanc emailed the Allied Trust desk adjuster her receipts for plywood, tarps, and debris removal. Docs. 22-2; 22-3; 22-13. On September 27, Plaintiffs received an email that there was a 2-3 week delay on field adjusters' reports. Doc. 22-1.

On November 3, 2020, Allied Trust tendered the initial payment for Other Structures in the amount of $5,868.41. Allied Trust later tendered the initial payment for Dwelling damages in the amount of $14,293.68 on November 16, 2020. On January 15, 2021, tendered an additional payment for Other Structures in the amount of $1,554.11. On March 22, 2021, Allied Trust sent a letter invoking the appraisal process. Doc. 22-4. Plaintiffs appointed Jeffrey S. Whittington as their appraiser. The appraisers for both parties inspected Plaintiff's home and were unable to agree to the amount of damages. An umpire, Matthew Addison, was then appointed upon agreement by both parties. Doc. 22.

On July 6, 2021, Plaintiffs filed their complaint. Doc. 1. Defendants then filed their Answer on September 3, 2021. Doc. 8. Both parties participated in the Streamlined Settlement Process including exchanging Initial Disclosures on October 18, 2021. A

mediation took place on February 11, 2022, and was unsuccessful. Allied Trust has filed the instant motion asking this Court to grant summary judgment dismissing Plaintiffs' claims for penalties and fees under La. R.S. 22:1893 for any Coverage A or B payments which exceed the appraisal award. Alternatively, Allied Trust asks this Court to grant summary judgment dismissing Plaintiffs' claims for penalties and fees under La. R.S. 22:1892 for any Coverage A or B payments which exceed their expert estimate. The trial of this matter is set for November 7, 2022.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court may not grant a motion for summary judgment solely on the grounds that it is unopposed and the moving party must still meet its burden as described above. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995). When the motion is unopposed, however, the court may accept the movant's evidence as undisputed. *Morgan v. Fed. Exp. Corp.*, 114 F.Supp.3d 434, 437 (S.D. Tex. 2015).

## LAW & ANALYSIS

La. R.S. 22:1892 subjects an insurer to the mandatory imposition of penalties and attorney fees when it is arbitrary and capricious in failing to tender the undisputed amount or make a written offer to settle a claim within thirty days of satisfactory proof of loss, for the collection of such amount. Thus, to prevail under La. R.S. 22:1892, a claimant must establish (1) that the insurer received satisfactory proof of loss; (2) failed to pay the claim within the applicable statutory period or failed to make a written offer to settle the claim, and (3) that the failure to timely tender a reasonably amount was arbitrary, capricious, or without probable cause. *Bourg v. Safeway Insurance Company of Louisiana*, 2019-0270, (La.App. 1 Cir. 3/5/20), 300 So. 3d 881, 891.

Allied Trust makes no argument as it pertains to any La. R.S. 22:1892 penalties or fees on any payment up to the amount of the received appraisal award of $112,631.50. However, Allied Trust does argue that because the appraisal was invoked and paid, it cannot now be in bad faith for any future amount found to be contractually owed under Coverages A and B (Dwelling and Other Structures) above the amount awarded in appraisal.

Appraisal provisions in insurance policies are generally valid and enforceable under Louisiana law. *See, e.g., Dore v. Shelter Mut. Ins. Co.*, 2013 WL 5915141 at * 3 (La. App. 1 Cir. 11/1/13); *So. Fid. Ins. Co. v. Martin*, 2014 WL 12719622 at * 2 (E.D. La. Jan. 3, 2014). Here the applicable provision states:

> **F. Appraisal**
>
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written repost of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.

This Court has previously held that when the policy language expressly states that appraisal outcomes are not binding, confirmation should be denied. *Crador v. Allied Trust Insurance Co.*, 2022 WL 1529694 (W.D. La. 2022); *Kuykendall v. Allied Trust Insurance Co.*, Civil Action 2:21-614, Doc. 19; *Meyers v. Allied Trust Insurance Co.*, 2022 WL 2162588 (W.D. La. 2022).

Allied Trust argues that additionally, La. R.S. 22:1311(F)(2) contains the Standard Fire Policy, which is attached to every policy of fire in Louisiana. Allied Trust maintains that the policy at issue insures its property against the peril of fire and as such, the Standard Fire Policy applies in the instant matter as an operation of law. Allied Trust argues that the policy provision in La. R.S. 22:1311(F)(2) state that an agreement during the appraisal process "shall" or "will" set the amount of loss.

The court notes that numerous other decisions have read this provision as applicable to non-fire losses when it is contained in a homeowner's policy. *See, e.g.*, *Melendez v. So. Fid. Mut. Ins. Co.*, 503 F.Supp.3d 504, 510 (E.D. La. 2020); *Armendariz v. So. Fid. Mut. Ins. Co.*, 2021 WL 4033319 (E.D. La. Aug. 16, 2021); *Allied Trust Ins. Co. v. Burnett*, 2021 WL 2212198 (W.D. La. Jun. 1, 2021). However, this area is unsettled and courts have acknowledged uncertainty, with some finding based on the Louisiana Supreme Court's footnote analysis in *Landry v. La. Citizens' Prop. Ins. Co.*, 983 So.2d 66, 74–76 n. 10 (La. 2008). *Church of the King of Lake Charles v. Guide One Mutual Ins. Co.*, 2021 WL 4527454 (W.D. La. Nov. 4, 2021) (citing *GeoVera Spec. Ins. Co. v. Joachin*, 2019 WL 8273471 (E.D. La. Jun. 28, 2019)).

However, the Court need not resolve the issue of § 22:1311's applicability here, this Court has already determined that when the policy language expressly states that appraisal outcomes are not binding, confirmation should be denied.

Plaintiffs argue that the appraisal process does not alleviate Allied Trust from their statutory duty. As pointed out by Allied Trust, an insurance policy is a contract between the insured and the insurer and has the effect of law between the parties. *Lobell v. Rosenberg,* 2015-0247 (La. 10/14/15); 186 So. 3d 83.

The Court has reviewed the evidence submitted by both parties and finds that there is a genuine issue of material fact for trial regarding bad faith penalties. Accordingly, issue of bad faith penalties under Louisiana Revised Statute 22:1892 will be deferred to the merits to be presented at the trial of this matter.

## CONCLUSION

As detailed hereinabove, the parties strongly dispute the issue of bad faith damages under Louisiana Revised Statute 22:1892. The Court further finds that summary judgment is not appropriate for the bad faith penalties as it depends on factual determinations regarding the reasonableness of the insurer's refusal to pay.

As such, the "Motion for Partial Summary Judgment" [Doc. 16] will be deferred to the merits regarding the issue of bad faith penalties under Louisiana Revised Statute 22:1892.

This Court further orders that the "Motion for Oral Argument re 16 Motion for Partial Summary Judgment" [Doc. 25] be **DENIED** as not necessary.

**THUS DONE AND SIGNED** in Chambers this 29th day of September, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**